UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

TRUSTEES of the DISTRICT COUNCIL 9 PAINTING
INDUSTRY INSURANCE AND ANNUITY FUNDS,        Index No. 08cv1218 (KMK)

                Plaintiffs,        **ANSWER**

   - against -

COLONIAL MIRROR & GLASS CORP.,

                Defendant.
------------------------------------------------------------------------X

       Defendant, COLONIAL MIRROR & GLASS CORP., by its attorneys, COREN & ASSOCIATES, P.C., as for their answer to the Complaint, allege as follows:

       1.  Defendant denies each and every allegation contained in paragraphs 1, 2, 3, 4, 5, 6 and 8 of the Complaint inasmuch as said allegations constitute a conclusion of law, not averments of fact, and refers all questions of law as may be contained therein to the Court.

       2.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 7 and 9 of the Complaint.

       3.  Defendant denies each and every allegation contained in paragraphs 10 and 11 of the Complaint, except admits that defendant, having an office in Kings County, New York, was and is a domestic corporation with employees.

**ANSWERING THE FIRST CLAIM FOR RELIEF**

       4.  Defendant denies each and every allegation contained in paragraphs 12, 13, 14, 15 and 18 of the Complaint, except admits that defendant was a signatory to a union agreement and respectfully refers said agreement to the Court for its true terms and meaning.  Defendant further denies that there are any amounts due and owing under the subject agreement for the period January

1, 2004 through July 31, 2006.

5. Defendant denies the allegations contained in paragraphs 16, 17 and 19 of the Complaint.

## ANSWERING THE SECOND CLAIM FOR RELIEF

6. As to paragraph 20 of the Complaint, Defendant repeats and reiterates all the admissions and denials contained in the foregoing answers to paragraphs 1 through 19 of the Complaint with the same force and effect as if herein set forth at length.

7. Defendant denies each and every allegation contained in paragraphs 21, 23 and 24 of the Complaint inasmuch as said allegations constitute a conclusion of law, not averments of fact, and refers all questions of law as may be contained therein to the Court.

8. Defendant denies each and every allegation contained in paragraphs 22, 25 and 26 of the Complaint.

## ANSWERING THE THIRD CLAIM FOR RELIEF

9. As to paragraph 27 of the Complaint, Defendant repeats and reiterates all the admissions and denials contained in the foregoing answers to paragraphs 1 through 26 of the Complaint with the same force and effect as if herein set forth at length.

10. Defendant denies each and every allegation contained in paragraph 28 of the Complaint inasmuch as said allegations constitute a conclusion of law, not averments of fact, and refers all questions of law as may be contained therein to the Court.

11. Defendant denies each and every allegation contained in paragraphs 29 and 30 of the Complaint.

**AS AND FOR THEIR FIRST AFFIRMATIVE DEFENSE**

12. Plaintiffs failed to state a claim for which relief may be granted.

**AS AND FOR THEIR SECOND AFFIRMATIVE DEFENSE**

13. Defendant paid all benefit contributions required under the subject agreement and the relevant statutes and regulations for the period January 1, 2004 through July 31, 2006.

**AS AND FOR THEIR THIRD AFFIRMATIVE DEFENSE**

14. Defendant has submitted to Plaintiffs all documents and records required under the subject trade agreement and the relevant statutes and regulations.

**AS AND FOR THEIR FOURTH AFFIRMATIVE DEFENSE**

15. Plaintiffs' claims are barred under the doctrine of laches.

**AS AND FOR THEIR FIFTH AFFIRMATIVE DEFENSE**

16. Upon information and belief, Plaintiffs failed to exhaust all administrative remedies before commencing this action.

WHEREFORE, Defendant respectfully demands judgment: (a) dismissing the Complaint in its entirety; (b) for the costs and reasonable attorney's fees incurred by Defendant; and (c) such other and further relief as this Court deems just and proper.

Dated: New York, New York
       March 14, 2008

                    Yours, etc.,

                    ____/s/_____
                    Steven M. Coren (SC 8693)
                    COREN & ASSOCIATES, P.C.
                    Attorneys for Defendant
                    228 East 45th Street
                    New York, New York 10017
                    (212) 371-5800

To:  BARNES, IACCARINO, VIRGINIA,
       AMBINDER & SHEPHERD, PLLC
     Attorneys for Plaintiffs
     258 Saw Mill River Road
     Elmsford, NY 10523

**CERTIFICATION**

   I HEREBY CERTIFY that a true copy of Defendant's Answer was mailed this 14th day of March, 2008 to:

     BARNES, IACCARINO, VIRGINIA,
     AMBINDER & SHEPHERD, PLLC
     258 Saw Mill River Road
     Elmsford, NY 10523

Dated: New York, New York
    March 14, 2008

             _____/s/_____
             Steven M. Coren, Esq. (SC-8693)